The problem pointed up by Appellee's application for rehearing is the reason, in part, for my vote to concur only in the result to reverse and remand. The extension of the opinion to correct this error dramatizes the problem. The opinion, as extended, acknowledges, on the one hand, that the judge used a "partial mistrial" as a disciplinary measure against the Giddenses. (Indeed, the record is clear that this was the only basis for the trial Court's action.) *Page 413 
Then, the opinion states, "[G]ranting a mistrial . . . was the equivalent of holding that the defendant was prejudiced." In my opinion, this latter observation is both incorrect and incongruous with the posture of the record, which reflects a contrary intent on the part of the trial Judge.
If the trial Court was free to exercise its discretion in weighing the prejudicial effect of Mr. Giddens's reference to insurance (which is the holding of the opinion), it necessarily follows that no reversible error has been committed which adversely affects the substantial rights of this Defendant. The propriety of the trial Court's action in granting the partial mistrial as a disciplinary sanction upon the Giddenses is not here presented for review. (I would observe, incidentally, that I know of no authority that would preclude the inherent power of the trial court to impose such a sanction.)
In view of this disagreement with the opinion, why, then, do I concur in the result to reverse and remand rather than dissent? I do not agree that the circumstances under which the prejudicial injection of insurance was thrust into this case left any discretion in the trial Court. I do not reject outright the notion that, ordinarily, such matters, properly handled, are to be left to the sound discretion of the trial Judge. Here, however, the witness's nonresponsive answer, "Well, some insurance man . . .," coming on the heels of the trial Judge's express admonition not to inject insurance into the case, took the matter beyond the discretionary rule, and the trial Judge was legally bound to declare a mistrial (even without a motion) as to the entire cause.